UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ERNESTO M. CONTRERAS,

    Petitioner,

v.

ROSEMARY NDOH, Warden,

    Respondent.

Case No. 20-06206 BLF (PR)

**ORDER OF INITIAL REVIEW; DENYING MOTION FOR STAY WITHOUT PREJUDICE; DIRECTING PETITIONER TO FILE RENEWED MOTION**

Petitioner, a California inmate, filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his state conviction in Santa Clara County Superior Court.[1] Dkt. No. 1. Petitioner has paid the filing fee. Dkt. No. 6.

**DISCUSSION**

I. **Standard of Review**

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C.

---

[1] This matter was reassigned to this Court on October 6, 2020, after Petitioner did not file consent to magistrate judge jurisdiction in the time provided. Dkt. Nos. 3, 5.

§ 2254(a).

It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." *Id.* § 2243.

## II. Analysis

Petitioner claims the following grounds for habeas relief: (1) the trial court incorrectly imposed consecutive sentencing under state law; (2) the state appellate court denied him due process by failing to remand the matter after the trial court incorrectly imposed consecutive sentences; and (3) there was insufficient evidence to support Count 3, aggravated sexual assault of a child, in violation of his right to a fair trial and due process. Dkt. No. 1 at 5. Liberally construed, these claims are cognizable under § 2254 and merit an answer from Respondent.

Petitioner contends that a polygraph that he took and passed was never argued on appeal, and seeks a stay to exhaust this new claim in state court. Dkt. No. 1 at 5-6. The United States Supreme Court has held that a district court may stay mixed habeas petitions to allow the petitioner to exhaust in state court. *Rhines v. Weber*, 544 U.S. 269, 277-78 (2005). *Rhines* requires a petitioner to show (1) "good cause" for his failure to exhaust his claims in state court; (2) that his unexhausted claims are not "plainly meritless"; and (3) that he has not engaged in "intentionally dilatory litigation tactics." 544 U.S. at 278. Petitioner has failed to argue any and all of the factors under *Rhines* to warrant a stay. Accordingly, the request is DENIED without prejudice to filing a renewed motion, showing that he satisfies the *Rhines* factors. If Petitioner fails to make such a showing, the matter shall proceed on the cognizable claims identified above.

## CONCLUSION

For the foregoing reasons, Petitioner's motion for a stay is DENIED without prejudice to filing a renewed motion that satisfies *Rhines v. Weber*, 544 U.S. 269 (2005). Petitioner shall file the renewed motion **no later than twenty-eight (28) days** from the

date this order is filed. If Petitioner fails to file the motion in the time provided, the Court shall order the matter served on Respondent to proceed on the cognizable claims identified herein.

**IT IS SO ORDERED.**

Dated: _January 4, 2021_____

BETH LABSON FREEMAN
United States District Judge

Order of Initial Review; Denying Mot.; Directing P. to File Renewed Motion
PRO-SE\BLF\HC.20\06206Contreras_initial.review&deny.stay