UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ERNESTO M. CONTRERAS,

    Petitioner,

v.

ROSEMARY NDOH, Warden,

    Respondent.

Case No. 20-06206 BLF (PR)

**ORDER TO SHOW CAUSE**

    Petitioner, a California inmate, filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his state conviction in Santa Clara County Superior Court.[1] Dkt. No. 1. Petitioner requested a stay to exhaust a new claim involving a polygraph test in state court, which the Court denied without prejudice to filing a renewed motion for a stay that satisfied the factors under *Rhines v .Weber*, 544 U.S. 269 (2005). Dkt. No. 7. Petitioner was advised that if he failed to file a renewed motion in the time provided, the matter would proceed on the cognizable claims. *Id.* at 2. The time for filing a renewed motion has passed with no response from Petitioner. Accordingly, this matter will proceed on the exhausted claims identified below.

---

[1] This matter was reassigned to this Court on October 6, 2020, after Petitioner did not file consent to magistrate judge jurisdiction in the time provided. Dkt. Nos. 3, 5.

# DISCUSSION

## I. Standard of Review

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." *Id.* § 2243.

## II. Analysis

Petitioner claims the following grounds for habeas relief: (1) the trial court incorrectly imposed consecutive sentencing under state law; (2) the state appellate court denied him due process by failing to remand the matter after the trial court incorrectly imposed consecutive sentences; and (3) there was insufficient evidence to support Count 3, aggravated sexual assault of a child, in violation of his right to a fair trial and due process. Dkt. No. 1 at 5. Liberally construed, these claims are cognizable under § 2254 and merit an answer from Respondent.

# CONCLUSION

For the foregoing reasons and for good cause shown,

1. The Clerk shall serve electronically a copy of this order upon the Respondent and the Respondent's attorney, the Attorney General of the State of California, at the following email address: SFAWTParalegals@doj.ca.gov. The petition and any exhibits thereto are available via the Electronic Case Filing System for the Northern District of California. The Clerk also shall serve a copy of this order on Petitioner.

2. Respondent shall file with the court and serve on Petitioner, within **ninety (90) days** of the issuance of this order, an answer conforming in all respects to Rule 5 of

the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondent shall file with the answer and serve on Petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If Petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on Respondent within **thirty (30) days** of his receipt of the answer.

3. Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If Respondent files such a motion, Petitioner shall file with the Court and serve on Respondent an opposition or statement of non-opposition within **twenty-eight (28) days** of receipt of the motion, and Respondent shall file with the court and serve on Petitioner a reply within **fourteen (14) days** of receipt of any opposition.

4. It is Petitioner's responsibility to prosecute this case. Petitioner is reminded that all communications with the Court must be served on Respondent by mailing a true copy of the document to Respondent's counsel. Petitioner must keep the Court and all parties informed of any change of address by filing a separate paper captioned "Notice of Change of Address." He must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: _February 23, 2021_____

BETH LABSON FREEMAN
United States District Judge

Order to Show Cause
PRO-SE\BLF\HC.20\06206Contreras_osc