UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERNESTO MORALES CONTRERAS,<br><br>Petitioner,<br><br>v.<br><br>MARTIN GAMBOA, Warden,<br><br>Respondent. | Case No. 20-cv-06206-BLF<br><br>**ORDER DIRECTING PETITIONER TO PROVIDE MORE INFORMATION IN SUPPORT OF HIS MOTION TO REOPEN TIME TO FILE AN APPEAL**<br><br>Re: Dkt. No. 14 |

Petitioner filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254, challenging his 2016 criminal judgment and sentence. Dkt. No. 1. On December 29, 2021, the Court denied the petition on the merits and entered judgment in favor of Respondent. Dkt. Nos. 12, 13. On May 23, 2022, Petitioner filed a motion to reopen the time to file an appeal under Federal Rule of Appellate Procedure 4(a)(6). Dkt. No. 14. Petitioner asserts that he did not have access to the law library during all of January, February, and until mid-March due to Covid-10 lockdown at Avenal State Prison. *Id.* at 1; Dkt. No. 14-1 at 19. He asserts that in mid-March, the "program started to open slow[ly]." *Id.*

Rule 4(a)(6) reads:

> Relief from the deadline for filing an NOA may be obtained by a motion in the district court under Federal Rule of Appellate Procedure 4(a)(5) (motion for an extension of time) or 4(a)(6) (motion to reopen time to file appeal). The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all the following conditions are satisfied:
> (A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;
> (B) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and

(C) the court finds that no party would be prejudiced.

Relief from the expiration of the time to appeal may not be sought after the 180-day period in Rule 4(a)(6) has expired. *See In re Stein*, 197 F.3d 421, 425 (9th Cir. 2000). Rule 4(a) is the exclusive avenue for relief from the expiration of the period to file a timely notice of appeal. *See id.* at 426-27 (Fed. R. Civ. Proc. 60(b) cannot be used to avoid the expiration of the 180-day time period). It must be enforced without distinction between counseled and uncounseled cases. *See Clark v. Lavallie*, 204 F.3d 1038, 1041 (10th Cir. 2000) (rejecting pro se prisoner's motion filed more than 180 days after entry of judgment).

Here, Petitioner's motion satisfies subsection (B) of Rule 4(a)(6), since it was filed within 180 days after the judgment was entered,[1] as well as subsection (C) as it does not appear that any party would be prejudiced. Fed. R. App. P. 4(a)(6). However, Petitioner provides no information as to when he received notice of the judgment in this matter. Accordingly, the Court cannot determine whether Petitioner satisfies subsection (A), *i.e.*, whether he received notice under Rule 77(d) of the entry of judgment before or after January 20, 2022, which is 21 days after the entry.

For the Court to decide his motion, Petitioner must inform the Court of the exact date he received a copy of the court's order denying the petition and the judgment. He may do so by filing an affidavit stating the date as well as any proof of receipt that may be available through the prison's mail system. Petitioner must file a response to this Court order **no later than twenty-one (21) days from the date this order is filed.**

Failure to respond in the time provided shall result in the Court denying the motion to reopen time to file appeal for failure to satisfy Rule 4(a)(6).

**IT IS SO ORDERED.**

Dated: May 31, 2022

BETH LABSON FREEMAN
United States District Judge

Order Directing P to Provide More Info
P:\PRO-SE\BLF\HC.20\06206Contreras_info.reopen-appeal.docx

---

[1] Since judgment was entered on December 29, 2021, Petitioner had 180 days thereafter, *i.e.*, until June 27, 2022, to file a timely motion under Rule 4(a)(6). His motion was filed on May 23, 2022, which makes it timely. Dkt. No. 14.