1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ERNESTO MORALES CONTRERAS,

Petitioner,

v.

MARTIN GAMBOA, Warden,

Respondent.

Case No.  20-cv-06206-BLF

**ORDER DENYING MOTION FOR AN EXTENSION OF TIME TO FILE AN APPEAL**

Re: Dkt. No. 18

Petitioner filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254, challenging his 2016 criminal judgment and sentence.  Dkt. No. 1.  On December 29, 2021, the Court denied the petition on the merits and entered judgment in favor of Respondent.  Dkt. Nos. 12, 13.  On May 23, 2022, Petitioner filed a motion to reopen the time to file an appeal under Federal Rule of Appellate Procedure 4(a)(6).[1]  Dkt. No. 14.  Finding Petitioner satisfied Rule 4(a)(6), the Court granted the motion and reopened the time to file an appeal such that Petitioner

---

[1] Rule 4(a)(6) reads:

Relief from the deadline for filing an NOA may be obtained by a motion in the district court under Federal Rule of Appellate Procedure 4(a)(5) (motion for an extension of time) or 4(a)(6) (motion to reopen time to file appeal).  The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all the following conditions are satisfied:
(A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;
(B) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and
(C) the court finds that no party would be prejudiced.

had fourteen days from the date of the order to file a notice of appeal.  Dkt. No. 17.  Petitioner was advised that no further extensions of time may be granted under Rule 4(a).  *Id.* at 2.

That last court order was filed on July 6, 2022.  Dkt. No. 17.  Therefore, Petitioner had until July 20, 2022, to file a notice of appeal.  However, Petitioner filed nothing in that time, nor in the months following.  Recently on September 16, 2022, Petitioner filed a letter requesting "time to file certificate of appeal" to the Ninth Circuit due to having been ill with Covid-19.  Dkt. No. 18 at 2.

As Petitioner has already been advised, Dkt. No. 17 at 2, relief from the expiration of the time to appeal may not be sought after the 180-day period in Rule 4(a)(6) has expired.  *See In re Stein*, 197 F.3d 421, 425 (9th Cir. 2000).  Rule 4(a) is the exclusive avenue for relief from the expiration of the period to file a timely notice of appeal.  *See id.* at 426-27 (Fed. R. Civ. Proc. 60(b) cannot be used to avoid the expiration of the 180-day time period).  It must be enforced without distinction between counseled and uncounseled cases.  *See Clark v. Lavallie*, 204 F.3d 1038, 1041 (10th Cir. 2000) (rejecting pro se prisoner's motion filed more than 180 days after entry of judgment).  Petitioner was advised that no further extensions of time may be granted under Rule 4(a).  Dkt. No. 17 at 2.  Accordingly, his motion for an extension of time is DENIED.

This order terminates Docket No. 18.

**IT IS SO ORDERED.**

Dated:  September 19, 2022

BETH LABSON FREEMAN
United States District Judge

Order Denying Motion for Extension of Time to File Appeal
P:\PRO-SE\BLF\HC.20\06206Contreras_deny-eot-appeal.docx

United States District Court
Northern District of California